UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NICHOLAS DANIEL MIORANA SR.**                       **CIVIL ACTION**

**VERSUS**                                            **NO. 13-0143**

**SHERIFF MARLIN GUSMAN, MEDICAL**                    **SECTION "C"(4)**
**DIRCT. SAMUEL GORE, MENTAL**
**HEALTH DIRCT. DR. HIGGENS,**
**CHARLES, CHIEF OF SECURITY**
**WEAVER, S.O.D. CHIEF MCLAUGHLIN,**
**MAJ. WINNFIELD, KEVIN**

## REPORT AND RECOMMENDATION

Before the Court is the plaintiff's **Notice of Voluntary Dismissal (Rec. Doc. No. 19)** which, in light of the defendants' answer, has been construed as a **Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2)**.  This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Nicholas Daniel Miorana, Sr., ("Miorana"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman, Dr. Samuel Gore, Dr. Charles Higgens, Chief Weaver, Chief McLaughlin, and Major Kevin Winnfield seeking redress for the allegedly unconstitutional conditions within the Orleans Parish Prison system ("OPP"). Miorana alleges that, between August 2011 and January 2013, Sheriff Gusman has failed to maintain safety within OPP, failed to train his staff to control violence, and failed to keep him safe. He claims that he has been beaten by guards, including Sergeants Washington, Simms, and Cruze, and by other inmates. He alleges that he has been jumped by inmates and had a "hit" placed upon his life by Sergeant Washington in July of 2012. He alleges that he has been robbed at knife point for his medication and placed in a medical holding cell without food, a mattress, blanket, shower, or medical care. He alleges that he was placed on suicide watch in a cell with no toilet, food, clothing, or mattress.

He complains that the cells are overcrowded, and he has been denied a shower for up to ten days by Dr. Higgens, the mental health director. He also claims that he did not receive his mental health medication for six months to one year and was told to kill himself. He also claims that his grievance complaints have gone unanswered.

Miorana claims that he contacted outside counsel at the Justice Department and the Southern Poverty Law Center to obtain help and that complaints have been filed on his behalf. As relief, he requests that changes in the conditions of the prison be ordered and that he receive monetary compensation of $1 million.

Because of Miorana's claim that this action was related to other pending matters, on March 27, 2013, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] During the hearing, as Miorana further explained his claims, it became apparent to the Court, the plaintiff, and defense counsel that the claims are similar to those raised on behalf of Miorana and others in *Jones v. Gusman*, Civil Action No. 12-0859"I"(5), a civil rights suit filed against the Orleans Parish Sheriff and others alleging unsafe and unconstitutional conditions at OPP.

Shortly after the hearing, on April 7, 2013, Miorana submitted the written request that this civil action, Civil Action No. 13-0143"C"(4), be voluntarily dismissed in light of his representation and potential recovery in the pending class action in *Jones v. Gusman*.

## II.  Voluntary Dismissal Should Be Granted

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs the voluntary dismissal of a case by the plaintiff after the defendants have filed an answer as in this case. The Rule provides, *inter alia*, that the action may be dismissed at the plaintiff's request only by Court order and on terms that the Court considers proper. Fed. R. Civ. P. 41(a)(2). This dismissal is without prejudice unless otherwise indicated. *Id*.

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 18. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Thus, Fed. R. Civ. P. 41(a)(2) provides district courts with the discretion to grant a plaintiff's motion for voluntary dismissal and to attach conditions tailored to prevent unfair prejudice to the defendant. *Balestreri v. Metropolitan Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008).

In this case, under the broad construction due *pro se* filings, Miorana intends to dismiss this suit so that he can pursue available remedies in the other pending action in which he is represented by counsel.[3] The defendants have not urged any counterclaims, and there is nothing appearing in the record that would cause them prejudice as a result of this dismissal.[4] For these reasons, Miorana's request to voluntarily dismiss this action should be granted and his complaint dismissed without prejudice to allow him to pursue relief in the other pending civil action.

## III. Recommendation

It is therefore **RECOMMENDED** that the Nicholas Daniel Miorana's **Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2) (Rec. Doc. No. 19)** be **GRANTED** and his 42 U.S.C. § 1983 civil rights complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

---

[3] The Court further notes that, because Miorana is proceeding as a pauper under 28 U.S.C. § 1915, this complaint is subject to review for frivolousness and maliciousness. 28 U.S.C. §§ 1915, 1915A; 42 U.S.C. § 1997e. Under those parameters, Miorana's complaint would be subject to dismissal because it is in fact repetitive of another pending matter. Repetitious litigation raising the same cause of action as a previous or pending suit is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009); *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

[4] Rule 41(a)(2) also provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 30th day of April, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.